**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No. 09-15038 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01502-MHP |
| and | |
| AMARPAL SINGH and SAN FRAN TRUST, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| HAWKINS, DELAFIELD AND WOOD; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John Doe appeals pro se from the district court's order designating him as payee for settlement proceeds following the settlement of his ERISA action against First Unum Life Insurance Co. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion when it designated Doe as the settlement payee after giving Doe numerous warnings, holding three hearings on the issue, and allowing Doe more than a year in which to set up a valid special needs trust. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have inherent power to control their dockets") (internal quotation marks omitted).

The district court did not abuse its discretion by denying Doe's requests to bring additional claims after entry of the settlement agreement. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680-81 (9th Cir. 2010) (setting forth standard of review).

Doe's remaining contentions are unpersuasive.

Doe's motion for judicial notice is granted.

**AFFIRMED.**